**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Matthew Starnes,                                        Civil No. 10-4428 (MJD/SER)

        Plaintiff,

v.                                                      **REPORT & RECOMMENDATION**

Heather Ries,

        Defendant.

---

Plaintiff Matthew Starnes, currently a state prison inmate, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging defendant Heather Ries, an employee of Stepping Stone Emergency Housing ("Stepping Stone"), violated his civil rights [Doc. No. 1]. Starnes was required to complete the Stepping Stone program as a condition of his release from prison [Doc. No. 5]. Stepping Stone ejected Starnes from the program before he completed the program, allegedly for violating Stepping Stone rules [Doc. No. 5].

Plaintiff did not pay the statutory filing fee with his complaint, but instead filed an application for leave to proceed *in forma pauperis,* ("IFP") [Doc. No. 2]. On November 4, 2010, then-Magistrate Judge Susan Richard Nelson issued an Order that advised Starnes that his IFP application would not be addressed, and his action could not proceed, until he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(l) [Doc. No. 3]. Thereafter, Starnes paid the initial partial filing fee [Doc. No. 4]. On December 14, 2010, Judge Nelson reviewed Starnes' Complaint as part of the initial screening process of the Prison Litigation Reform Act ("PLRA") [Doc. No. 6]. In that order, Judge Nelson concluded that Starnes' Complaint failed to state an actionable form of relief because it did not adequately describe the factual basis for his claims.

The Order therefore directed Starnes to file an Amended Complaint that stated specifically, what each individually named Defendant allegedly did (or failed to do) that purportedly violated Starnes' federal constitutional rights. The Order required Starnes to file the amended pleading on or before January 17, [2011]. The Order also noted that if Starnes failed to file the amended pleading he would be deemed to have abandoned the action and the Court would recommend his case be dismissed without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). To date, Starnes has not filed any amended pleading and therefore he has not complied with Judge Nelson's December 14, 2010 Order. Starnes' case should be dismissed without prejudice for lack of prosecution.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.


Dated: April 15, 2011  s/ Steven E. Rau
STEVEN E. RAU
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 29, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.